IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| VICTORIA MCKENZIE, | Case No. 3:25-cv-50231 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| STATELINE SOLAR, LLC, | |
| Defendant. | |

**OPINION AND ORDER**

**I.   Background**[1]

Plaintiff Victoria McKenzie has sued Defendant Stateline Solar, LLC, alleging violations of the Americans with Disabilities Act (ADA) under 18 U.S.C. § 1983 related to solar panel installation from December 2022. Complaint [1] at 4-5. Due to the brevity of the complaint's allegations, and the difficulty of reading McKenzie's handwriting, it is reprinted in its entirety below:

> Plaintiff alleges that the Defendant failed to fulfill its contractual obligation to complete installation of the solar panels by 12/31/22, as agreed. Despite the Plaintiff's reliance on the Defendant's representation and assurances, the installation was not completed and Defendant did not notify Plaintiff until February 2023, when Plaintiff lost power and realized that Defendant disconnected Plaintiff's generator. Plaintiff was without power for 24 hours with no heat due to Defendant's failure. The Defendant agreed to the ADA

---

[1] These allegations are taken from the Complaint [1]. The Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

> accommodations of communicating in writing and not entering Plaintiff's home. Plaintiff is now demanding they be allowed access to Plaintiff's home. The Defendant further alleged that they notified the Plaintiff of this failure to complete the project through a voice call. Plaintiff asserts that this method of communication was inappropriate and insufficient, as the Plaintiff… is hearing impaired and communicates primarily in writing. The Defendant was aware of the Plaintiff's hearing impairment and preferred method of communication, yet failed to use reasonable and accessible form of notification. This failure not only constituted a breach of contract [and] breach of the ADA, but also exacerbated the Plaintiff's damages as detailed [below]. [signed, Victoria McKenzie, 11/19/2024]

*Id.* (cleaned up).

McKenzie has alleged "exacerbation of existing disabilities, health deterioration, stress, anxiety, depression, loss of dignity, financial strain, isolation, stigma, emotional distress, [and] financial loss. *Id.* at 4 (cleaned up).

Stateline Solar moved to dismiss the complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Motion to Dismiss [28] at 1; *see also* Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). Because the complaint does not state a facially valid civil rights claim, the motion to dismiss is granted as to the § 1983 claim. Subsequently, the Court declines to exercise supplemental jurisdiction as to the breach of contract claim and terminates the civil case. 28 U.S.C. § 1367(c)(3).

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires only that a complaint contain a short and plain statement "showing the pleader is entitled to relief." Fed. R. Civ. P.

2

8(a). Actions brought *pro se* under 18 U.S.C. § 1983 are not held to the stringent standards expected of attorneys and are construed liberally. *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is proper when "the allegations …, however true, could not raise a claim of entitlement to relief." *Id.* at 558. The Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The Court may also consider exhibits attached to the complaint and documents other than the complaint "when they are referenced in the complaint and central to the plaintiff's claim." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n. 1 (7th Cir. 2013). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

### III. Analysis

To state a claim under § 1983, McKenzie must allege that: "(1) [s]he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was visited upon [her] by a person or persons acting under color of state law." *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004).

3

When a statute provides its own comprehensive enforcement scheme, that scheme generally may not be bypassed by reliance on § 1983. *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985).

The ADA provides three Titles of protection: Title I—providing protections related to employment, Title II—providing protections related to public services, and Title III—providing protections related to public accommodations and services by private entities. 42 U.S.C. § 12101 et seq. Each of these titles provide enforcement mechanisms to aggrieved parties. 42 U.S.C. §§ 12117, 12133, and 12188. McKenzie's complaint does not detail which title of the ADA she alleges was violated; however, her response to the motion to dismiss specifies Title III as the basis for her claim. Response to Motion to Dismiss [37] at 2.

Although not explicitly decided by the Seventh Circuit, the proper vehicle for remedying a violation of the ADA in all circuits which have decided the issue is not § 1983, but rather the ADA's own enforcement mechanisms.[2] *Cf. Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999); *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 806 (3d Cir. 2007); *M.M.R.-Z. ex rel. Ramirez-Senda v.*

---

[2] Under Title III, these enforcement mechanisms would include investigation and intervention by the Attorney General. Monetary damages are not available to private parties under Title III. *Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006).

4

*Puerto Rico*, 528 F.3d 9, 13 n.3 (1st Cir. 2008); *see also Estate of Wobschall by Wobschall v. Ross*, 488 F.Supp.3d 737, 752-53 (E.D. Wis. 2020).

McKenzie's ADA claim cannot be enforced by way of § 1983. Although McKenzie may pursue enforcement under the ADA's enforcement guidelines, she may not use § 1983 in a private right of action against Stateline Solar. This analysis does not even reach the question of whether Stateline Solar acted under "color of state law" as required by § 1983. So, McKenzie has failed to state a claim upon which relief may be granted as to the federal civil rights violation.

Liberally construed, McKenzie has further brought a state law breach of contract claim against Stateline Solar. This is also made explicit in her response. Response to Motion to Dismiss [37] at 2. The Court has jurisdiction under supplemental jurisdiction. *Id.* at 4; 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the only alleged basis for jurisdiction rests on the now dismissed claim, the Court declines to exercise supplemental jurisdiction. *See* Memorandum to Motion to Dismiss Ex. B [29-2].

### IV. Conclusion

For the above reasons, Stateline Solar's motion to dismiss [28] is granted without prejudice. The civil case is terminated.

Entered: October 16, 2025         By: _____
                                      Iain D. Johnston
                                      U.S. District Judge